**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC,<br><br>              Plaintiff,<br><br>       v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>              Defendant. | Civil Action No. 2:15-CV-1877 –JRG<br><br>**LEAD CASE** |
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC,<br><br>              Plaintiff,<br><br>       v.<br><br>SMARTLABS, INC. D/B/A INSTEON,<br><br>              Defendant. | Civil Action No. 2:15-CV-1573 –JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT SMARTLABS, INC. D/B/A INSTEON'S
ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**

Pursuant to Rules 8, 13, and 38 of the Federal Rules of Civil Procedure, Defendant Smartlabs, Inc. d/b/a Insteon (hereinafter "Insteon") hereby responds to the First Amended Complaint of Plaintiff Rothschild Connected Devices Innovations, LLC (hereinafter "Rothschild"), and states counterclaims against Rothschild.

**PARTIES AND JURISDICTION**

1.     Insteon admits that this purports to be an action for infringement under Title 35 of the United States Code and that Plaintiff purports to seek injunctive relief as well as damages.

2.     Insteon denies the allegations of Paragraph 2.

3.     Insteon denies the allegations of Paragraph 3.

4.      Insteon admits the allegations of Paragraph 4.

5.      Insteon denies the allegations of Paragraph 5.

6.      Insteon denies the allegations of Paragraph 6.

## VENUE

7.      Insteon denies the allegations of Paragraph 7.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,788,090

8.      Insteon incorporates by reference its responses to Paragraphs 1-7 of its First Amended Complaint.

9.      Insteon admits that the First Amended Complaint purports to state a cause of action arising under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271 *et seq.*  Insteon denies any remaining allegations of Paragraph 9.

10.      Insteon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and therefore denies these allegations.

11.      Insteon admits that a copy of the '090 Patent is attached as Exhibit A to the First Amended Complaint.  Insteon denies any remaining allegations of Paragraph 11.

12.      Insteon denies the allegations of Paragraph 12.

13.      Insteon denies the allegations of Paragraph 13.

14.      Insteon admits that it sells, offers to sell, and/or uses home automation and security systems including the Insteon home automation system and related products.  Insteon denies the remaining allegations of Paragraph 14.

15.      Insteon denies the allegations of Paragraph 15.

16.      Insteon denies the allegations of Paragraph 16.

17.      Insteon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and therefore denies these allegations.

## PRAYER FOR RELIEF

Insteon denies that Rothschild is entitled to any relief requested in its First Amended Complaint or that Rothschild is entitled to any other relief.  To the extent that the Prayer for Relief section of the First Amended Complaint is deemed to allege any facts, Insteon denies each and every allegation.

## AFFIRMATIVE DEFENSES

Insteon incorporates the above admissions and denials in Paragraphs 1-17.  By raising the following defenses, Insteon does not assume the burden of proof on any issue that, as a matter of law, is Rothschild's burden to prove.  Insteon expressly reserves the right to allege additional defenses as they become known through the course of discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE

### (Noninfringement)

Insteon does not infringe and has not infringed, either directly or indirectly, any claim of the '090 Patent, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity)

One or more claims of the '090 Patent are invalid for failing to satisfy the conditions of patentability set forth in the provisions of the patent laws of the United States, specifically including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE

### (Unenforceability)

The '090 Patent is unenforceable due to misuse.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches and Estoppel)

The First Amended Complaint is barred by the doctrines of laches and estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The First Amended Complaint fails to state a claim for which relief can be granted under 35 U.S.C. §§ 271 *et seq.*

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The First Amended Complaint is barred as a result of Rothschild's unclean hands.

## COUNTERCLAIMS

Defendant Smartlabs, Inc. d/b/a Insteon (hereinafter "Insteon") hereby counterclaims the following against Rothschild Connected Devices Innovations, LLC (hereinafter "Rothschild").

## PARTIES

1.      Insteon is a corporation organized and existing under the laws of California, with its principal place of business located at 16542 Millikan Avenue, Irvine, CA 92602.

2.      Rothschild alleges that it is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

## JURISDICTION AND VENUE

3.      By filing its Complaint, Rothschild has consented to the personal jurisdiction of this Court.

4.      Based on Rothschild's First Amended Complaint and Insteon's Answer thereto, there exists an actual and justiciable controversy between the parties regarding the alleged infringement, validity, and enforceability of U.S. Patent No. 8,788,090 ("the '090 Patent").

5.      This Court has subject matter jurisdiction over these counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; the patent laws of the United States, 35 U.S.C. § 100 *et seq.*; and 28 U.S.C. §§ 1331 and 1338.

6.      Venue is proper in this Court for this Counterclaim pursuant to Rothschild's choice of forum.

## COUNTERCLAIM I

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '090 PATENT

7.      Insteon incorporates its allegations in Paragraphs 1-6.

8.      Insteon does not infringe and has not infringed, either directly or indirectly, any valid and enforceable claim of the '090 Patent, either literally or under the doctrine of equivalents.

9.      Under 28 U.S.C. §§ 2201 and 2202, Insteon is entitled to a declaratory judgment that it does not infringe, and has not infringed, any claim of the '090 Patent.

## COUNTERCLAIM I

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '090 PATENT

10.     Insteon incorporates its allegations in Paragraphs 1-9.

11.     One or more claims of the '090 Patent are invalid for failing to satisfy the conditions of patentability set forth in the provisions of the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

12.     Under 28 U.S.C. §§ 2201 and 2202, Insteon is entitled to a declaratory judgment that one or more claims of the '090 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Insteon requests the following relief:

A.      That all claims against Insteon be dismissed with prejudice, that all relief requested by Rothschild be denied, and that Rothschild take nothing by its First Amended Complaint;

B.      That a judgment be entered declaring that Insteon has not and does not infringe, either directly or indirectly, any claim of the '090 Patent, either literally or under the doctrine of equivalents;

C.      That a judgment be entered declaring that Insteon has a lawful right to continue to make, use, sell, offer for sale, and/or import all of the instrumentalities accused of infringement in Rothschild's First Amended Complaint;

D.      That a judgment be entered declaring that the claims of the '090 Patent are invalid for failure to comply with one or more conditions of patentability set forth in the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112;

E.      That a judgment be entered declaring that this action is exceptional under 35 U.S.C. § 285, and that Insteon is entitled to recover its reasonable attorneys' fees, expenses, and costs incurred in connection with this action;

F.      That Rothschild, including any parent and/or subsidiary, and their agents, representatives, attorneys, and those in active concert or participation with them who receive actual notice thereof, be enjoined from threatening or initiating infringement litigation against Insteon or any of its customers, users, or suppliers, or charging any of them either orally or in writing with infringement of the '090 Patent; and

G.      That Insteon be awarded such other costs and further relief as this Court may deem appropriate.

## JURY DEMAND

Insteon hereby demands a trial by jury on all issues so triable under Federal Rule of Civil Procedure 38(b).


Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated: January 29, 2016               By:*/s/ Lauren Keller Katzenellenbogen*
                                      Michael K. Friedland
                                      Lauren Keller Katzenellenbogen
                                      KNOBBE, MARTENS, OLSON & BEAR, LLP
                                      2040 Main Street, Fourteenth Floor
                                      Irvine, CA 92614
                                      Telephone: (949) 760-0404
                                      Facsimile:  (949) 760-9502
                                      michael.friedland@knobbe.com
                                      lauren.katzenellenbogen@knobbe.com

                                      LOCAL COUNSEL

                                      Jennifer Parker Ainsworth

Texas State Bar No. 00784720
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, Texas 75701
Telephone: (903) 509-5000
Facsimile: (903) 509-5092
jainsworth@wilsonlawfirm.com

Attorneys for Defendant
Smartlabs, Inc. d/b/a Insteon

## <u>CERTIFICATE OF SERVICE</u>

I certify that counsel of record who are deemed to have consented to electronic service are being served on January 29, 2016, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

*/s/ Lauren Keller Katzenellenbogen*
Lauren Keller Katzenellenbogen

21804729