IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC, | § § | |
| Plaintiff, | § | C.A. No. 2:15-cv-1877-JRG-RSP |
| v. | § § | LEAD CASE |
| AMERICAN HONDA MOTOR CO., INC., *et al.*, | § § § | |
| Defendants. | § | |

**REPLY IN SUPPORT OF MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO 35 U.S.C § 101**

Defendants Subaru of America, Inc., Volvo Cars of North America, LLC, BMW of North America, LLC, Toyota Motor Sales U.S.A., Inc., Honda of America Mfg., Inc. and American Honda Motor Co., Inc., FCA US LLC, Rheem Manufacturing Company, Smartlabs, Inc. d/b/a Insteon, T-Mobile USA, Inc., and Mercedes-Benz USA, LLC (collectively, "Defendants") submit this reply in support of their motions to dismiss Rothschild Connected Devices Innovations, LLC's ("Rothschild" or "Plaintiff") complaints against them for failure to state a claim and for judgment on the pleadings.

## I. INTRODUCTION

Claim 1 of the '090 patent does not meet the requirements for patent eligibility under 35 U.S.C. § 101 set out in *Alice Corp. Pty. v. CLS Bank International*, 134 S. Ct. 2347 (2014) ("*Alice*"). In its response, Plaintiff argues that claim 1 is non-abstract and contains meaningful limitations, but it relies entirely on bare conclusory statements and arguments that have already been considered and rejected by this and other courts. Indeed, similar arguments were rejected in this Court when made by Rothschild Locations Technologies, LLC ("RLT"), another litigation-driven entity of Mr. Rothschild.[1] Plaintiff's remaining arguments are also unavailing: namely, there are no legitimate claim construction disputes and the novelty of claim 1 is not at issue. Defendants have demonstrated that claim 1 recites nothing more than an abstract idea and

---

[1] *See Rothschild Location Tech., LLC v. Geotab USA, Inc.*, Case No. 6:15-cv-00682-RWS-JDL, Dkt. No. 93 ("Report and Recommendation of United States Magistrate Judge") (E.D. Tex. Jan. 4, 2016) (the "*RLT* case") (holding that the claims were "directed to patent-ineligible subject matter and therefore invalid under 35 U.S.C. § 101"). Though styled as a "Report and Recommendation" of the Magistrate, certain defendants in the consolidated cases consented to the Honorable John D. Love conducting all proceedings (including a jury or nonjury trial) and ordering entry of a final judgment, so the finding as to those defendants does not need to be confirmed by Judge Schroeder. RLT objected to the report and recommendation and has requested an oral hearing (Dkt. Nos. 101, 116).

contains no meaningful limitations that transform it into significantly more than the abstract idea itself. Defendants' motion is ripe for the Court's consideration and should be granted.

## II. ARGUMENT

### A. Plaintiff fails to articulate how claim 1 is non-abstract.

Step one of the test for patentability outlined in *Alice* asks the Court to consider whether the claims at issue cover ineligible subject matter, such as an abstract idea. *Alice*, 134 S. Ct. at 2355. The abstract idea at the heart of the '090 patent's claim 1 is product customization. *See* '090 pat. 8:66-67 (claiming "A system for customizing a product according to a user's preferences…"); Defs. Mot. 5-6. Plaintiff raises several arguments in response, but all of them fall flat.

First, Plaintiff never denies that product customization is an abstract concept. Instead, Plaintiff argues that Defendants have oversimplified claim 1 by boiling it down to those two words and posits that the purported invention "deals not so much with product customization," as with "receiving, storing, and transmitting specific information over a computer based network." Pl.'s Resp. 9. As an initial matter, "product customization" is an entirely fair summation of a claim that recites "[a] system for customizing a product according to a user's preferences."[2] Moreover, Plaintiff cannot credibly argue that "customizing a product according to a user's preferences" is not a "pre-computer business practice." *See* Pl.'s Resp. 8; '090 pat. 8:66-67.

---

[2] In fact, Defendants' characterization takes a generous view of claim 1. Unlike claim 13, which covers a beverage dispenser and recites "a controller configured to actuate…the mixing chamber based on user generated beverage product preferences," claim 1 does not even cover the actual customization of the user's product. '090 pat. 10:20-23. According to the system of claim 1, a product receives a user's identity and preferences via a completely generic "communication module…in communication with [a] remote server" that has stored the user's preferences. *Id.* at 9:3-4. Claim 1 does not recite what happens after the user's preferences are transmitted, and it does not cover how, if at all, the product itself is actually configured according to those preferences.

Indeed, the abstract idea of product customization is so basic and fundamental that it is difficult to imagine its earliest conception. The abstract nature of claim 1 is confirmed when one considers that remembering (i.e., storing) and communicating (i.e., transmitting) a user's product preferences are tasks that can be (and frequently are) performed with the human mind and pencil and paper alone. *See, e.g.*, *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1371 (Fed. Cir. 2011).

Second, Plaintiff's own articulation of claim 1—a system for "receiving, storing, and transmitting specific information over a computer based network"—does not alter the abstract idea at its core. Plaintiff contends that the allegedly "patent-eligible" computer components recited in claim 1 perform an "[essential] function" and are "necessarily require[d]" by the claim, and that these "tangible components…a computer system, a communication network, a product, and a communication module within the product" necessarily render the claim non-abstract. Pl.'s Resp. 2, 8. Plaintiff misconstrues the applicable law. At *Alice* step one, the Court determines only whether there is an abstract idea present—not whether there is a patent-eligible application of the abstract idea. *See Alice*, 134 S. Ct. at 2355. Courts do not find an abstract idea lacking simply because a claim is "clothed in computer language." *See CLS Bank Int'l v. Alice Corp.*, 717 F.3d 1269, 1292 (Fed. Cir. 2013) (Lourie, J., plurality). Moreover, as further described below, these same computer limitations are also insufficient to render the underlying abstract idea patentable. The Supreme Court has long recognized that a patent is not eligible for protection simply because its claims require a computer implementation. *See, e.g.*, *Gottschalk v. Benson*, 409 U.S. 63, 71-72 (1972) (holding that the claimed method, comprising a computer-implemented mathematical algorithm, was invalid under § 101). Further, the Federal Circuit has found that reciting routine, computer-implemented tasks is not sufficient to confer patentability.

*See, e.g.*, *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 717 (Fed. Cir. 2014) ("Transfer of content between computers is merely what computers do and does not change the analysis."). Generic computer implementations did not pass muster even under the machine-or-transformation test that Plaintiff cites.[3]

Third, with respect to preemption, Plaintiff misstates Defendants' motion. Defendants do not argue, as Plaintiff claims, that the '090 patent preempts all product customization. Nevertheless, claim 1 does threaten to preempt almost any product customization that takes place over the Internet (or other communication network), especially in view of Plaintiff's apparent claim construction. *See* Defs. Mot. 6-7. This preemption is relevant to the § 101 analysis, as is Plaintiff's assertion of claim 1 against a vast array of products across different industries. *See e.g.*, *Bilski v. Kappos*, 561 U.S. 593, 611-12 (2010) (finding relevant to patentability whether a patent "would pre-empt use of [its] approach in all fields"); Defs. Mot. 6.

### B. Plaintiff fails to identify any inventive concept in claim 1.

Step two of the *Alice* test entails the search for an "inventive concept." *Alice,* 134 S. Ct. at 2355. At this stage, the court considers whether the abstract idea identified in step one is confined to a patent-eligible application through the additional elements of the claim. To make the claim patent-eligible, the additional elements must transform the claim into "significantly more than the [abstract idea] itself." *Id.* Plaintiff cannot articulate any limitations of claim 1 that constrain or augment it in this manner.

---

[3] *See, e.g.*, *Bancorp Servs., LLC v. Sun Life Assurance Co. of Canada (U.S.)*, 687 F.3d 1266, 1278 (Fed. Cir. 2012); *Dealertrack v. Huber*, 674 F.3d 1315, 1333 (Fed. Cir. 2012); *Fort Props., Inc. v. Am. Master Lease, LLC*, 671 F.3d 1317, 1323-24 (Fed. Cir. 2012). *See also*, *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1256 (Fed. Cir. 2014) (recognizing the Supreme Court's finding in *Mayo* that "satisfying the machine-or-transformation test, by itself, is not sufficient to render a claim patent-eligible") (citing *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1301 (2012)).

In its response, Plaintiff calls the elements of claim 1 "meaningful, non-generic and inventive," but merely labeling them as such is neither accurate nor persuasive. Pl.'s Resp. at 11. Moreover, the weight of authority confirms that the generic computer components and functions recited by claim 1 cannot bring the claim within the realm of patentable subject matter. *See, e.g.*, Defs. Mot. 8. Significantly, Plaintiff cannot point to a single case with analogous claims in which patentability was upheld.[4] Plaintiff's reliance on *DDR Holdings, LLC v. Hotels.com, L.P.*, 954 F. Supp. 2d 509 (E.D. Tex. 2013), *aff'd in part*, 773 F.3d 1245 (Fed. Cir. 2014), is also misplaced.

The *DDR* patent was directed to a system for incorporating "look and feel" elements from a host website while providing visitors with the opportunity to purchase products from a third-party merchant's website. *DDR Holdings*, 773 F.3d at 1258. As the Federal Circuit explained, the patent addressed the "challenge of retaining control over the attention of the customer in the context of the Internet." *Id.* By altering the "conventional functioning of Internet hyperlink protocol," the patented invention allowed websites to better retain visitors and therefore claimed

---

[4] The various non-precedential or non-binding cases cited by Plaintiff for the proposition that claim construction should be performed are also distinguishable on the merits. *See* Pl.'s Resp. 4; *Ameranth, Inc. v. Genesis Gaming Solutions, Inc.*, Nos. 11-00189, 13-00720, 2014 WL 7012391, at *4 (C.D. Cal. Nov. 12, 2014) (upholding claims in part because defendants "cite[d] no authority for the proposition that the abstract idea in step one of the *Alice/Mayo* test can be something that the claimed invention might be useful for, as opposed to what the claim itself covers"); *Calif. Inst. of Tech.*, 59 F. Supp. 3d 974, 1000 (C.D. Cal. 2014) (finding that "Caltech's patents improve a computer's functionality by applying concepts unique to computing (like using a linear transform operation to encode data) to solve a problem unique to computing (data corruption due to noise)"); *Helios Software, LLC v. SpectorSoft Corp.*, No. 12-081, 2014 WL 4796111, at *17 (D. Del. Sept. 18, 2014) (upholding patents "drawn to remotely monitoring data associated with an Internet session and controlling network access"); *AutoForm Eng'g GmbH v. Eng'g Tech. Assoc., Inc.*, No. 10-14141, 2014 WL 4385855, at *2 (E.D. Mich. Sept. 5, 2014) (upholding patents pertaining to computer software for forming sheet metal into different objects); *Rockstar Consortium US LP, Inc. v. Mobilstar Techs., LLC*, Nos. 13-00894, 13-00900, 2014 WL 1998053, at *4 (E.D. Tex. May 15, 2014) (applying a pre-*Alice* analysis); *Card Verification Solutions, LLC v. Citigroup, Inc.*, No. 13-6339, 2014 WL 4922524, at *1 (N.D. Ill. Sept. 29, 2014) (upholding patent disclosing "methods for passing confidential information over an unsecured network with reduced risk of it being captured by an untrusted party").

a solution "necessarily rooted in computer technology to overcome a problem specifically arising in the realm of computer networks." *Id.* at 1257. In finding that the narrow application of the patent-at-issue allowed it to pass muster under § 101, the Federal Circuit noted that those claims stood apart from others that "merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet.'" *DDR*, 773 F.3d at 1257.

Unlike the *DDR* patent, the '090 patent's claim 1 does not "overcome problems specifically arising [in] computer-based communication networks," as Plaintiff contends. *See* Pl.'s Resp. at 11. Plaintiff cannot identify any problems that claim 1 solves, much less how the claim allegedly solves them. *See* '090 pat. 8:66-9:11; Pl.'s Resp. at 11-12. Rather, claim 1 is much more analogous to the patents invalidated in *buySAFE* and *Accenture*. *See DDR Holdings*, 773 F.3d at 1256 (stating that these and other Federal Circuit cases involved claims "directed to nothing more than the performance of an abstract business practice on the Internet or using a conventional computer"); *buySAFE, Inc. v. Google, Inc.,* 765 F.3d 1350, 1351 (Fed. Cir. 2014) (third party guarantee of a sales transaction over a communications network not patentable); *Accenture Global Servs., GmbH v. Guidewire Software, Inc.,* 728 F.3d 1336, 1338-39 (Fed. Cir. 2013) (insurance transaction information housed and communicated across generic computer components not patentable).

Finally, Plaintiff argues that the "recited system" is "not a generic computer or component" because it is "for customizing a product according to a user's preferences…" Pl.'s Resp. 12-13. This statement directly contradicts Plaintiff's earlier statement that "[t]he invention recited in Claim 1…deals not so much with product configuration as it does with receiving, storing, and transmitting specific information over a computer-based network." *Id.* at 9. Plaintiff

cannot have it both ways. Neither of these arguments is sufficient to save claim 1 and merely combining them does nothing to distinguish that claim from analogous ones which were invalidated under § 101. In sum, the elements of claim 1, considered both individually and as an ordered combination, must amount to more than an abstract idea with instructions to "apply it" on a computer. *Alice*, 134 S. Ct. at 2355. As explained here and in Defendants' opening brief, they do not. *See DDR Holdings*, 773 F.3d at 1256 ("[A]fter *Alice,* there can remain no doubt: recitation of generic computer limitations does not make an otherwise ineligible claim patent-eligible.").

### C.   Plaintiff's invocation of "novelty" fundamentally misunderstands the patentability analysis.

Plaintiff argues throughout its response that Defendants have attempted to replace the patentability analysis with a novelty analysis. That is incorrect. Whether the '090 patent is new or novel, as those terms are used in 35 U.S.C. § 101 et seq., is irrelevant to the question of subject matter eligibility. Defendants do not argue that claim 1 should be held unpatentable under § 101 because it is not novel. An abstract idea may be novel (for example, a previously unknown algorithm, as in *Benson*) or decades-old (for example, the concept of mitigating settlement risk, as in *Alice*). What matters to eligibility is not whether the claim recites a novel concept, but whether the claim at its heart recites "an idea, having no particular concrete or tangible form." *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 715 (Fed. Cir. 2014). Moreover, consideration of whether additional computer technology limitations are "well-understood," "routine," "conventional," or "previously known to the industry" is not a "novelty" analysis—it is a patentability analysis required by Supreme Court precedent. *See Alice*, 134 S. Ct. at 2359 (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1294 (2012)).

### D. Plaintiff has not raised any claim construction issues relevant to patentability.

Plaintiff also argues that there are "factual" and claim construction disputes preventing the Court from reaching the merits of Defendants' motion at this stage. Pl.'s Resp. at 14-16. Again, Plaintiff is incorrect. As stated in Defendants' letter brief to the Court, there is no plausible construction of claim 1 that could bring it within the realm of patentable subject matter. *See* Dkt. No. 65-1 at 4-6. Although Plaintiff does not raise any actual issues of claim construction to which Defendants could respond (because it offers no constructions whatsoever), the portions of the specification cited in Plaintiff's letter brief do not meaningfully limit claim 1. *See id.* Further, the Qui Declaration is not persuasive or helpful. Dr. Qui merely parrots the language of the claim and then summarily concludes that it satisfies *Alice*. Indeed, Dr. Qui submitted similar boilerplate, circular declarations in the RLT case.[5] There, the court found that it "need not look beyond the pleadings in assessing patent-eligibility" and did not consider the Qui declarations. *Rothschild Location Tech.* at *6-7. The conclusion should be the same here, as the Qui declaration does not aid in weighing the patentability of claim 1 or suggest that factual or expert testimony is needed to understand the claim before patentability can be considered.

The *RLT* case also instructs against undergoing claim construction. In that case, the court made clear that "claim construction is not an inviolable prerequisite to a validity determination under § 101," particularly when there is no claim term that, when properly construed, would impact the analysis. *Rothschild Location Tech.* at *7. The court further noted that "to the extent a

---

[5] *See* Dkt. Nos. 21-2 and 66-1 in Case No. 6:15-cv-682, Declaration and Supplemental Declaration of Dr. Fang Qui. The Qui Declarations are attached for the Court's convenience as Exhibits A and B, respectively.

patentee contends a full claim construction proceeding is necessary prior to determining validity, it is the burden of the patentee to come forward and specifically identify the claim terms and proposed constructions that would affect the § 101 inquiry." *Id.* Like RLT, Plaintiff has failed to provide any proposed constructions, and as in the RLT case, this Court should not delay consideration of patent-eligibility for a fruitless claim construction effort. *See id.* at *8 (stating that for the purposes of the § 101 motion, the Court would "construe claims in a manner most favorable to [RLT].").

### E. The Court recently rejected many of Plaintiff's same arguments in the *RLT* case.

In *Rothschild Location Tech., LLC v. Geotab USA, Inc.*, the court invalidated claims of another of Mr. Rothschild's patents under 35 U.S.C. § 101 after considering many of the same arguments that Plaintiff raises here. For example, RLT argued that the patent was "directed to a specific purpose: 'to retrieve an address that is electronically stored in a second GPS device, often in incompatible format, and to have the address entered into the user's GPS device without having to manually enter it.'" *Id.* at *9 (quoting RLT's Resp. to Mot. to Dismiss). RLT further contended "that the purpose of the invention is not abstract because it is directed to 'a specific problem which exists solely in the realm of electronic GPS devices.'" *Id.* at *11 (quoting the same). The Court rejected these arguments and found that RLT's claims were directed to "a well-understood, fundamental concept of retrieving and sending data along with the requirement that it be performed between two 'positional information devices' [i.e., in a specific manner]." *Id.* at *10. Plaintiff makes a similar argument here that should also be rejected, claiming without support that "[t]he system, as recited, operates in a specific way, performing specific function, to overcome problems specifically arising [in] computer-based communication networks." Pl.'s Resp. 11.

RLT also argued, as Plaintiff does here, that the validity of Mr. Rothschild's patent was supported by generic computer limitations. The Court was not persuaded by RLT's recitation of a "server" and a "positional information device" as meaningful limitations, and Plaintiff's recitation here of a "remove server" and "first communication module" should be similarly rejected. *Id.* at *9. The Court further found that "receiving . . ., retrieving . . ., and transmitting . . . by no means 'transform[s] a general purpose' [] device 'into a specific machine.'" *Rothschild Location Tech.*, at *14 (quoting *Versata Dev. Grp., Inc. v. SAP Am., Inc.*, 793 F.3d 1306, 1335 (Fed. Cir. 2015)). Here, as in the *RLT* case, the storing, transmitting, and other generic computer elements of claim 1 "simply relate to ease, accuracy, and efficiency benefits achieved when any fundamental or well-known concept is implemented on a computer device" and "[e]ach benefit is a natural result of a computerized device . . . rather than a human, and is accordingly insufficient to confer patentability." *Rothschild Location Tech.*, at *11 (citations omitted).

The Court should discard Plaintiff's same arguments in this case. Like the claims of Mr. Rothschild's patent in the RLT case, claim 1 of Mr. Rothschild's '090 patent "recites precisely what *DDR* cautioned against: a broad and generic practice known from the [pre-computer] world along with the requirement to perform it on a [computer]." *Rothschild Location Tech.* at *10.

### III. CONCLUSION

For all of these reasons and those stated in the opening brief, the Court should grant Defendants' motions and find that claim 1 of the '090 patent fails to satisfy the statutory requirements of 35 U.S.C. § 101.

Dated:  March 23, 2016

Respectfully submitted,

*/s/ Matthew D. Satchwell*
Matthew D. Satchwell
Illinois Bar No. 6290672
**DLA PIPER LLP**
203 N. LaSalle St., Suite 1900
Chicago, IL 60601-1293
312.368.2111 – Office
312.326.7516 – Facsimile
matthew.satchwell@dlapiper.com

Dawn M. Jenkins
State Bar No. 24074484
**DLA PIPER LLP**
1000 Louisiana, Suite 2800
Houston, TX 77002
713.425.8454 – Office
713.300.6054 – Facsimile
dawn.jenkins@dlapiper.com

**ATTORNEYS FOR DEFENDANT VOLVO CARS OF NORTH AMERICA, LLC AND SUBARU OF AMERICA, INC.**


*/s/ Michael K. Friedland*
Michael K. Friedland
*(Admitted Pro Hac Vice)*
Lauren Keller Katzenellenbogen
*(Admitted Pro Hac Vice)*
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile:  (949) 760-9502
michael.friedland@knobbe.com
lauren.katzenellenbogen@knobbe.com

**ATTORNEYS FOR SMARTLABS, INC. D/B/A INSTEON**


*/s/ Thomas W. Winland*
Thomas W. Winland

James R. Barney
Jose Recio
FINNEGAN, HENDERSON, FARABOW
  GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: (202) 408-4000
Facsimile: (202) 408-4400
tom.winland@finnegan.com
james.barney@finnegan.com
jose.recio@finnegan.com

Thomas E. Ganucheau
State Bar No. 00784104
Leslie Honey Tronche
State Bar No. 24078681
BECK | REDDEN LLP
1221 McKinney St. Suite 4500
Houston, Texas 77010
Telephone: 713.951.6219
Facsimile: 713.951.3720
tganucheau@beckredden.com
ltronche@beckredden.com

**ATTORNEYS FOR DEFENDANTS
TOYOTA MOTOR SALES U.S.A., INC.**


By: /s/ *Jeffrey S. Patterson*
Jeffrey S. Patterson
Texas Bar No. 15596700
jpatterson@hdbdlaw.com
Sean N. Hsu
Texas Bar No. 24056952
shsu@hdbdlaw.com
HARLTINE DACUS BARGER DREYER LLP
8750 North Central Expressway
Suite 1600
Dallas, Texas 75231
Telephone: (214) 369-2100
Facsimile: (214) 369-2118

**ATTORNEYS FOR DEFENDANTS
HONDA OF AMERICA MFG., INC. and**

**AMERICAN HONDA MOTOR CO., INC.**


By: /s/ *Frank C. Cimino, Jr.*
J. Thad Heartfield
State Bar No. 09346800
thad@heartfieldlawfirm.com
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, TX 77706
Telephone: (409) 866-3318
Facsimile: (409) 866-5789

Frank C. Cimino, Jr.
FCCimino@venable.com
Megan S. Woodworth
MSWoodworth@venable.com
VENABLE LLP
575 7th Street, NW
Washington, D.C. 20004
Telephone: (202) 344-4569
Facsimile: (202) 344-8300

**COUNSEL FOR DEFENDANT FCA US LLC**


/s/ *John R. Emerson*
John R. Emerson
State Bar No. 24002053
Matthew P. Chiarizio
State Bar No. 24087294
Bethany K. Hrischuk
State Bar No. 24097851
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: 214-651-5000
Telecopier: 214-651-5940
E-mail: russ.emerson@haynesboone.com
E-mail: matt.chiarizio@haynesboone.com
E-mail: bethany.hrischuk@haynesboone.com

**ATTORNEYS FOR RHEEM MANUFACTURING COMPANY**

13

By: */s/ Alex V. Chachkes*
Alex V. Chachkes (NY Bar No. 3035078)
achachkes@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W 52nd Street
New York, New York  10019-6142
Telephone:  +1-212-506-5000
Facsimile:  +1-212-506-5151

Mark S. Parris (Pro Hac Vice)
mparris@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
701 5th Avenue, Suite 5600
Seattle, WA 98104-7097
Telephone:  +1-206-839-4300
Facsimile: +1-206-839-4301

Lillian J. Mao (CA Bar No. 267410)
lmao@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:  +1-650-614-7400
Facsimile:  +1-650-614-7401

**ATTORNEYS FOR DEFENDANT T-MOBILE USA, INC.**


By: */s/ Lionel M. Lavenue*
Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Dr.
Reston, VA 20190
(571) 203-2700
lionel.lavenue@finnegan.com

R. Benjamin Cassady
FINNEGAN, HENDERSON, FARABOW,

14

GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, D.C.
(202) 408-4000
ben.cassady@finnegan.com

**ATTORNEYS FOR DEFENDANT BMW OF NORTH AMERICA, LLC**


By: */s/ Edward J. DeFranco*
Edward J. DeFranco
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York NY 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
eddefranco@quinnemanuel.com

Jeffrey S. Gerchick
Brett N. Watkins
QUINN EMANUEL URQUHART & SULLIVAN, LLP
777 6th Street NW, 11th Floor
Washington, D.C. 20001-3706
Telephone: 202.538.8000
Facsimile: 202.538.8100
jeffgerchick@quinnemanuel.com
brettnwatkins@quinnemanuel.com

**ATTORNEYS FOR DEFENDANT MERCEDES-BENZ USA, LLC**

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on March 23, 2016, pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service. Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ Matthew D. Satchwell*
Matthew D. Satchwell